United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Frank James Stack, III
      Debtor

Case No. 19-10122-jkf
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0313-4        User: SaraR        Page 1 of 1        Date Rcvd: Oct 24, 2019
                  Form ID: pdf900        Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 26, 2019.
db              +Frank James Stack, III,    126 East State Street,    Quarryville, PA 17566-1245

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 25 2019 03:30:25
                 Commonwealth of Pennsylvania, Department of Revenu,    Bureau of Compliance,    Dept. 280946,
                 Harrisburg, PA  17128-0946
                                                                          TOTAL: 1

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 26, 2019                                     Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 24, 2019 at the address(es) listed below:
          CHRISTINE C. SHUBERT    christine.shubert@comcast.net,   J100@ecfcbis.com
          DENISE A. KUHN    on behalf of Creditor    Commonwealth of Pennsylvania, Department of Revenue
          dkuhn@attorneygeneral.gov
          REBECCA ANN SOLARZ    on behalf of Creditor    Deutsche Bank National Trust Company, as Indenture
          Trustee, for New Century Home Equity Loan Trust 2005-4 bkgroup@kmllawgroup.com,
          RICHARD N. LIPOW    on behalf of Debtor Frank James Stack, III richard@lipowlaw.com,
          ecflipow@gmail.com;r44824@notify.bestcase.com
          ROLANDO RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
          ecfmail@readingch13.com,   ecf_frpa@trustee13.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                         TOTAL: 6

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Frank James Stack III, | : | Chapter 13 |
| | : | |
| **Debtor** | : | Bky. No. 19-10122 JKF |

# O R D E R

     **AND NOW,** this 24th day of October, 2019, upon consideration of the Motion to Approve Mortgage Modification ("the Motion") (Doc. # 45 ) filed by Deutsche Bank National Trust Co., as Indenture Trustee for New Century Hoe Equity Loan Trust 2005-4 ("the Lender"), and after notice and hearing, and there being no objection thereto, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor is **AUTHORIZED** to enter into the loan modification transaction as set forth in the Motion and to the extent that relief from the automatic stay is necessary for the parties to enter into the transaction, such relief is **GRANTED** to the Lender.

3. Except as provided in Paragraph 4 below, if applicable, the confirmed plan remains **IN FULL FORCE AND EFFECT** and **THE TRUSTEE MAY DISTRIBUTE THE PLAN PAYMENTS** as provided in the plan.

4. If:
    (a) the confirmed chapter 13 plan provides for the cure of prepetition arrears under 11 U.S.C. §1322(b)(5); and

    (b) the loan modification provides for reinstatement of the loan account and the elimination of the pre-petition arrears,

    **THE TRUSTEE SHALL MAKE NO FURTHER DISTRIBUTION TO THE LENDER** on account of the Lender's claim for pre-petition arrears under the confirmed chapter 13 plan and shall distribute the plan payments in accordance with the other provisions of the confirmed plan.

_____
**JEAN K. FITZSIMON**
**U.S. BANKRUPTCY JUDGE**